[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 8, 2008
THOMAS K. KAHN
CLERK

No. 07-15521
Non-Argument Calendar

_____

D. C. Docket No. 04-60122-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 8, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Richard Thompson appeals his low-end Guidelines range sentence of

57 months' incarceration for conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.[1]  He argues that (1) the district court improperly denied his request for a minor role adjustment under U.S.S.G. § 3B1.2, and (2) his sentence is unreasonable.

## I.

We review a district court's factual findings regarding a defendant's role in the offense for clear error.  *United States v. DeVaron*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  "So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law . . . it will be rare for [us] to conclude that the sentencing court's determination is clearly erroneous."  *Id.* at 945.

The defendant bears the burden of proving the mitigating role in the offense by a preponderance of the evidence.  *Id.* at 939.  In determining whether a minor role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines."  *Id.* at 940.  Under the first prong, "the district court must measure the defendant's role against the relevant conduct for which she

---

[1]  Although Thompson has apparently completed his term of incarceration, his appeal is not moot because he is currently subject to a five year term of supervised release.  *See United States v. Page*, 69 F.3d 482, 488 n.4 (11th Cir. 1995) (declining to hold appeal moot where defendants were still serving terms of supervised release that restricted their liberty).

was held accountable at sentencing." *Id.* at 945. Relevant conduct is the "conduct attributed to the defendant in calculating her base offense level." *Id.* at 941. "[W]here the relevant conduct attributed to a defendant is identical to her actual conduct, she cannot prove that she is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which she was a minor participant but for which she was not held accountable." *Id.*

Under the second prong, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id.* at 945. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." *Id.* at 944. Instead, "the district court must determine that the defendant was less culpable than *most other participants* in [the] relevant conduct." *Id.*

In the context of drug courier cases, we have stated that the following factors exemplify those to be considered in determining a courier's role: (1) the amount of drugs; (2) the fair market value of the drugs; (3) the amount of money to be paid to the courier; (4) the equity interest in the drugs; (5) the role in planning the criminal scheme; and (6) the role in distribution of the drugs. *Id.* at 945. In *DeVaron*, we affirmed the district court's denial of a minor role adjustment where the defendant

was hired to deliver drugs to another person and knowingly transported 512.4 grams of heroin into the United States. *Id.* at 946.

Having reviewed the record and the briefs of the parties, we discern no error. Thompson did not satisfy his burden on the first *DeVaron* prong because the relevant conduct for which the district court held him accountable—possession of the 4 kilograms of cocaine—was identical to his actual conduct in the conspiracy. Likewise, Thompson did not satisfy the second prong because he failed to demonstrate that he was less culpable than his codefendants. Accordingly, we affirm as to this issue.

## II.

We review a final sentence for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). In conducting this review, we apply a deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). We first review whether the district court committed a procedural error, such as incorrectly calculating the Guidelines, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, imposing a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. *Id.* at at 597. If there are no such procedural errors, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."

4

*Id.*

Having reviewed the record and the briefs of the parties, we conclude that Thompson's sentence was reasonable. The record demonstrates that the district court properly calculated the Guidelines and imposed a reasonable, Guidelines range sentence after consideration of the advisory Guidelines, § 3553(a)'s factors, and arguments for mitigation. Accordingly, we affirm Thompson's 57-month sentence.

**AFFIRMED**